## THE MANHATTAN GAS LIGHT COMPANY *vs.* ELY.

C. applied to the plaintiff to be supplied with gas light and meter on the premises occupied as the Gramercy Park House, and agreed to pay for the same, on the usual terms; E. signing the application as surety. Subsequently C. ceased to be the occupant of the premises, and W. became his successor. *Held* that E. by signing the application undertook to pay for gas and meter supplied to C. at the Gramercy Park House, if C. did not pay; but that he was not liable for gas furnished to W. after he became the landlord.

*Held also,* that E. could not be made liable to pay for gas furnished to W., on account of C.'s neglect to give notice to the plaintiff of the change of proprietorship of the hotel.

APPEAL by the plaintiff from a judgment entered upon the report of a referee.

*Edward Fitch,* for the appellant.

*Luther R. Marsh,* for the respondent.

By the Court, SUTHERLAND, J.   This action was brought to recover the sum of $578.50 for gas supplied one H. S. Crocker from the 20th of January, 1860, to the 18th of February, 1860, and for rent of meter during that time.   This action was brought against the defendant as surety.   The complaint alleges that Crocker applied to the plaintiffs to be supplied with gas light and meter; that his application was in the following words : " To the Manhattan Gas Light Company.   The subscriber wishes to be supplied with gas light and meter in the premises No. — Gramercy Park street, occupied as the Gramercy Park House, and hereby agrees to pay for the same on the usual terms of the company.   Succeeds Mr. Davis from this date.   H. S. Crocker.   Charles Ely, surety.   New York, February 18th, 1856."   And that thereby the said Charles Ely became and was surety for the payment by the said H. S. Crocker for all sums which might be due and owing by him for gas light and meter furnished pursuant thereto.   The answer insists upon the statute of frauds as a

defense to the action; and as a further defense, denies that the plaintiffs, from the 20th day of January, 1860, to the 18th day of February, 1860, supplied the said Crocker with the quantity of gas mentioned, or with any gas whatever, or with any meter, as in the complaint stated. And the defendant alleges in the answer that the plaintiffs did not supply Crocker with any gas after the 8th day of June, 1859; that before the day last aforesaid, Crocker ceased to be proprietor of the Gramercy Park Hotel, and that since that time the gas had been furnished to C. W. Woodhull, who then became the proprietor of the hotel. On the trial before a referee, the defendant admitted that the plaintiffs had furnished the Gramercy Park House with the quantity of gas mentioned in the complaint during the time mentioned in the complaint, but contested his liability to pay for the gas so furnished. It appeared on the trial before the referee, and the referee found as matters of fact, that Crocker paid for all the gas furnished for the Gramercy Park House from the time of the execution of the written instrument mentioned in the complaint to the month of June, 1859; that in June, 1859, Crocker ceased to be the occupant and landlord of said house, when Charles W. Woodhull succeeded as occupant and landlord of the house, and continued such landlord and occupant up to the 20th day of February, 1860; that after Woodhull succeeded Crocker, and during the time Woodhull was such landlord and occupant, the plaintiffs furnished gas for the house as they had done before, the bills therefor having been presented to Woodhull at the house and paid by him down to the 20th day of January, 1860; that weekly bills for gas from the 20th of January to the 18th of February, 1860, (being for four weeks,) were made out by the plaintiffs in the following form: " New York, 1860. Mr. H. S. Crocker to the Manhattan Gas Light Company Dr. for gas consumed from January 20th to January 27th;" (then stating in detail the amount of gas for the week;) that for the first three of these bills the agent of the plaintiffs received the checks of

Woodhull and receipted the bills; that the checks were duly presented for payment and not paid; that the last of said bills had not been paid in any manner; that the gas bills for the house were payable weekly; that there was at no time any sign on or about the Gramercy Park House designating who was the landlord thereof; that the general bills of the house for supplies, expenses, &c. while Woodhull was landlord, were made out to him and in his name. On these facts the referee came to the conclusion that the defendant was not liable for the gas claimed in the complaint; assuming the legal validity of the defendant's agreement as set forth in the complaint.

On the facts found, it is clear that the referee came to the correct conclusion. The first ground or reason stated by the referee for this conclusion was sufficient to authorize it. By signing the written instrument set out in the complaint as surety, the defendant undertook to pay for gas and meter supplied to Crocker at the Gramercy Park House, if Crocker did not pay. He did not undertake to pay for gas furnished to Woodhull, or to any other person than Crocker. The gas furnished for the Gramercy Park House during the time mentioned in the complaint was, in fact, furnished to Woodhull, as the landlord or proprietor of the house. It is immaterial in this case, between the plaintiffs and the surety, whether the plaintiffs had notice of the change in the proprietorship of the house or hotel, or whether, as between the plaintiffs and Crocker, on the facts found by the referee, Crocker would be liable, on the ground that he did not give notice to the plaintiffs of the change of proprietorship; inasmuch as by no reasonable construction of the defendant's undertaking as surety, could he be held responsible for any default of Crocker in not giving such notice. The undertaking of the defendant as surety was, to be responsible for any default of Crocker, in not paying for the gas furnished him. He did not undertake to be responsible for any default of Crocker in not giving notice of any change of the proprietorship of the hotel. The referee did

not pass upon the question, whether the undertaking of the defendant was void by the statute of frauds. It is not necessary for us to pass upon it, or any other question in the case.

I think the judgment should be affirmed on the ground above stated aleno.

[NEW YORK GENERAL TERM, February 2, 1863. *Sutherland, Ingraham* and *Clerke*, Justices.]