Dayton v. Quigley.

WILLIAM L. DAYTON

*v.*

JOHN B. QUIGLEY and others.

The by-laws of a board of managers of city water works for the supply of water to the citizens on compensation, must be reasonable, and where, under a regulation to secure water rent, the board refused to supply water to premises on the application of the owner, basing such refusal on the ground that the tenant of the premises was in arrears for water furnished him while occupying premises owned by another landlord, the board is enjoined from continuing such refusal.

Bill for injunction.   On order to show cause.

*Mr. W. L. Dayton, in pro. pers.*

*Mr. E. E. Green,* for defendants.

Dayton *v.* Quigley.

THE CHANCELLOR.

This suit is instituted to obtain relief from the action of the board of water commissioners (the defendants) of the city of Trenton, injurious to the complainant. The action complained of is the refusal of the commissioners to furnish water to the premises of the complainant (a dwelling-house), in the city of Trenton, in the occupation of Isaac Blew, his tenant thereof, unless the complainant will pay a debt due to the city from Blew for water furnished to him at another house in the city, not owned by the complainant, and of which Blew was tenant. The defendants base their action on a rule of the board which provides that "water rents shall be payable half-yearly in advance, on the first days of April and October. If not paid in twenty days thereafter five per cent. in addition will be charged, and if not paid with the addition in two months, the attachment will be cut off until the rent, all expenses of cutting off and putting on, and the rent in advance for an additional half year be paid."

NOTE.—A water works company may establish reasonable regulations for the government of consumers, but a capricious and oppressive attempt to affect the value of property by refusing to supply the owner, would be a plain abuse of the franchise. *Lumbard* v. *Stearns,* 4 *Cush.* (*Mass.*) 60.

A water company is, for its protection, entitled to lay its own pipes in a consumer's premises. *Hale* v. *Houghton,* 8 *Mich.* 458.

If water supplied to a public fountain be limited to a particular use, all persons must conform thereto. *Hildreth* v. *Adamson,* 8 *C. B.* (*N. S.*) 587.

What constitutes a "domestic" use, see *Busby* v. *Chesterfield Works,* *El. Bl. & El.* 176. And a "hotel." *Cromwell* v. *Stephens,* 3 *Abb. Pr.* (*N. S.*) 26. And a "tenement." *Young* v. *Boston,* 104 *Mass.* 95.

Equity cannot compel a water company to furnish water to any particular person, because there is no mutuality, and such person cannot be compelled to use it. *Weale* v. *West Middlesex Co.,* 1 *J. & W.* 358, 374, *Lord Eldon.*

The rule as to gas companies is the same. *Paterson Gas Co.* v. *Brady,* 3 *Dutch.* 245.

Even where such company is a monopoly. *Hoddeson Gas Co.* v. *Haselwood,* 6 *C. B.* (*N. S.*) 239. CONTRA, *Shepard* v. *Milwaukee Co.,* 6 *Wis.* 539, 15 *Wis.* 318; *Gas Light Co.* v. *Colliday,* 25 *Md.* 1.

Dayton *v.* Quigley.

The rule does not, by its terms, warrant the action of the commissioners in the case under consideration. Obviously, the provision for cutting off the attachment has reference to the premises in respect of which the rent in arrears is due. But if the rule were applicable, it would be manifestly unreasonable and oppressive. The water works belong to the municipality, and are for the benefit of the inhabitants of the city. The inhabitants are entitled to the use of the water on compliance with reasonable regulations. The use of the water for the complainant's tenants is necessary to the full enjoyment by him of his property. To refuse to furnish water to his tenant there unless the complainant pays a debt due from the tenant to the city ·for water furnished to him elsewhere, on premises not belonging to the complainant, would, obviously, be to compel him to pay the tenant's debt as a condition precedent to obtaining the water for his premises while occupied by the tenant. The commissioners are the agents of the city. They have, it is true, by virtue of the provisions of the " act to authorize the

---

But a *mandamus* may be granted compelling a company to furnish gas to any one offering to comply with the company's rules. *People* v. *Manhattan Gas Co.,* 45 *Barb.* (*N. Y.*) 136.

Reasonable rates may be fixed in payment of water supplied. *Parker* v. *Boston,* 1 *Allen* 361; *Cromwell* v. *Stephens,* 3 *Abb. Pr.* (*N. S.*) 26; see *Allentown* v. *Henry,* 73 *Pa. St.* 404.

But no unreasonable regulations can be enforced as against a consumer. Thus, a person occupying with his family a suite of rooms in a building also occupied by other families, and having separate water attachments, connected with a pipe which supplied the whole building, and on which pipe a meter was fixed, can, by injunction, restrain the company from cutting off his supply because he insists upon paying for the water used by himself, rather than having the owner of the whole building pay therefor, in accordance with a rule of the company. *Young* v. *Boston,* 104 *Mass.* 95.

A company having the right to cut off water from any consumer, on failure to pay in advance, notified all of them that after March 1st the rates would be raised from $10 to $12. On March 1st P. tendered $10 for the ensuing year, which the company refused to receive, but allowed the water to run upon P.'s premises for the next two years.— *Held,* that they could recover only $20, because they might have cut off the supply on March 1st. *Aqueduct Co.* v. *Page,* 52 *N. H.* 472.

If a gas company supplies a consumer, notwithstanding a former indebtedness, they are not afterwards estopped from rejecting his

Dayton v. Quigley.

president and directors of the Trenton Water Works to convey their works and franchises to the city of Trenton, and to provide for the management of said works," (*P. L.* 1859, p. 43) "power and authority to regulate the supply and use of the water, to fix the prices for the same, and the times of payment, to make and prescribe such rules, regulations, conditions, and restrictions as they may deem necessary or expedient, with reference to the use and mode of drawing the water, the collection of water rents, and the mode of enforcing such collection, and to impose such penalties, in addition to cutting off the water, as they may deem expedient, for the violation of such rules and restrictions." The regulations, however, must be reasonable. 1 *Dillon on Mun. Corp.*, §§ 253, 254.

The refusal to furnish the water to the complainant is, under the circumstances, unjustifiable, and is an injury for which he is entitled to relief in this court. *High on Inj.* § 787.

The order to show cause will be made absolute, and an injunction as on final hearing (the cause having been by consent submitted for decision on the case made by the bill), will be issued accordingly. The complainant is entitled to costs.

---

application on account of such indebtedness. *People* v. *Manhattan Gas Co.*, 45 *Barb.* 136.

A gas company cannot cut off the supply of gas to a building because of arrears for gas due from former occupants of·the premises. *Morey* v. *Metropolitan Gas Co.*, 6 *Jones & Spen.* (*N. Y.*) 185.

A surety for the payment of gas bills of C. is not liable for gas consumed by a subsequent occupant of the same premises. *Manhattan Gas Co.* v. *Ely*, 39 *Barb.* 174.

A consumer owning two buildings, separately supplied and with independent meters, cannot be cut off as to one building because of his refusal to pay an excessive bill for gas supplied to the other. *Gas Light Co.* v. *Colliday*, 25 *Md.* 1.

For the rule of damages in such cases, see *Ibid.* ; *Shepard* v. *Milwaukee*, 15 *Wis.* 318.

An injunction is the proper mode of relief. *Cromwell* v. *Stephens*, 2 *Daly* (*N. Y.*) 15 ; *Young* v. *Boston*, 104 *Mass.* 95 ; see *Weale* v. *West Middlesex Co.*, ubi supra.