GARRET G. VREELAND, appellant,

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY, respondents.

A mortgage on a house and lot of land in Jersey City, given after the charter of 1871, will be postponed to the lien for water rates assessed for water taken from the city water works, and used on the premises subsequent to the date of the mortgage.

On appeal from a decree of the chancellor, whose opinion is reported in *Vreeland* v. *O'Neil, 9 Stew. Eq. 399.*

*Mr. C. H. Hartshorne,* for appellant.

*Mr. A. L. McDermott,* for respondent.

The opinion of the court was delivered by

SCUDDER, J.

On bill filed by the complainant, Garret G. Vreeland, to foreclose a mortgage made by James O'Neil and wife to secure the payment of a bond for $1,600, dated February 10th, 1872, the mayor and aldermen of Jersey City were made defendants, because they claim a lien for certain water rents on the mortgaged premises as prior encumbrances to the complainant's mortgage. An interlocutory decree having been made establishing the priority of these water rents over the complainant's mortgage, this appeal has been taken to test its validity.

The water works of Jersey City have been constructed by special legislative authority, and their purpose is expressed in the title of the original act, approved March 25th, 1852 (*P. L. p. 419*), which is entitled, " An act to authorize the construction of works for supplying Jersey City and places adjacent with pure and wholesome water."

The provisions of this statute, and of the supplement of 1855 (P. L. p. 507), were, in substance, incorporated in the act to re-organize the local government of Jersey City.   P. L. of 1871 p. 1094.

Section 81 of this charter gives the powers of the commissioners, under the original act, to the board of public works to regulate the distribution and use of the water in all places and for all purposes where the same may be required, and from time to time to fix the prices for the use thereof and the times of payment, and enacts that the owner and occupier of any house, lot or tenement where water shall be taken, shall each be liable for the payment of the price so fixed; that the said water rents shall, until paid, be liens upon the property charged therewith; and that on certificate of water rents in arrear, and delinquencies in payment of the rents and penalties, the board of finance and taxation shall cause said lands to be sold for the payment of said water rents and penalties and the interest thereon, in the same manner as lands may be sold for payment of taxes thereon.   The imposition of the lien and the means for its enforcement are fully provided for in this charter.   The time when the lien shall attach and its priority are established in section 151, which enacts "that all taxes and assessments which shall hereafter be assessed or made upon any lands, tenements or real estate situate in said city, shall be and remain a lien thereon from the time of the confirmation thereof until paid, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereof" &c. There is a proviso in this section that the lands, tenements or real estate sold may be redeemed by the owner, mortgagee, occupant or person interested therein.

This charter, which was passed March 31st, 1871, took effect immediately, and being a public act the complainant was charged with notice of its provisions when he took his mortgage at a later date.   That the word "assessments" used in section 151 should be applied to the rating of any house, lot or tenement where water shall be taken, is apparent from the use of the word "assessment" in that section in connection with water rents, which are made liens upon the property charged therewith.

The effect of section 81 is that the owner and occupier of any house, lot or tenement where water is taken, shall be liable for the payment of the price fixed by the board of public works for the use of water at the times of payment, subject to the terms, penalties, liens and sale of land attached to such use; and this is the contract under which the water is supplied by the city and accepted by the consumer. The owner and occupier shall each be liable for the payment of the price fixed, and, in addition, the same shall be a lien on the house, lot, or tenement where water shall be taken.

By section 151, this lien shall be and remain thereon until paid notwithstanding—that is, prior to, any mortgage or other encumbrance.

This being the contract under which the city of Jersey City, by its appropriate board, supplied the owner and mortgagor James O'Neil, with water from its water works, the complainant, who took his mortgage with full legal notice of these provisions in the charter for securing the payment of the water rents, can stand in no better position than O'Neil. Every one claiming under him by devise, descent, alienation, mortgage or other encumbrance of the land, took only such title as he had to give, and subject to all liens perfected or inchoate of which he had legal notice under the charter.

The lien claimed in behalf of the city is for water rates during the years 1874, 1875, 1876, 1877, 1878, 1879, 1880, 1881, for water actually used by the owner of the land on the premises where he lived. If they were allowed to accumulate it was the fault of the owner, and also of the mortgagee, who might have learned, on inquiry, if the charges had been paid from year to year. The remedy, for the oppression of which he now complains, has always been in his own hands. If he was not satisfied to make the loan of his money on mortgage subject to the liability of being postponed to water rates that might become in arrear, he could have kept it. If, on inquiry, he had found that the mortgagee was delinquent in payment of his water rates, after he had taken the mortgage, he could have demanded payment of the bond, and, if refused, foreclosed his mortgage.

The cases cited by the counsel have no application to the present case. *Hopper* v. *Malleson, 1 C. E. Gr. 382 ; Morrow* v. *Dows, 1 Stew. Eq. 459 ; Trustees &c.* v. *Trenton, 3 Stew. Eq. 667 ; City of Paterson* v. *O'Neil, 5 Stew. Eq. 386,* construe statutes giving general taxes priority over mortgages and other encumbrances on land. *Vreeland* v. *Jersey City, 14 Vr. 135 ; S. C. on error, 14 Vr. 638,* construe that part of section 81 in the charter which authorizes an annual assessment on all vacant lots and lots with buildings thereon in which water is not taken, if the same are situated on streets where the distributing pipes are laid. This case holds that such assessments, in the form in which they have been imposed, are unconstitutional. The present case differs in that it is merely a question of construction of the contract between the city, by one of its public boards, and a water consumer, by which the one party agreed to supply, on specific terms, water from their water works, at fixed rates and upon certain conditions intended to secure the payment, and the other party agreed to use and pay for the same on the terms specified. The mortgagor, knowing the terms of the agreement, became a party to it so far as to waive the priority of the lien of his mortgage, according to the date of its record, for the security of the city. If this be so, then there is no point in the constitutional objections that have been urged by the counsel of the appellant, that it takes the property of one to pay the debt of another, without due process of law, and the assessment is not made according to value, but arbitrarily &c. The answer to all these objections is, that the charge is not imposed by the legislature without the consent of all the parties interested. The owner was not compelled to use the water and pay the rates fixed for its enjoyment, and the mortgagee was under no obligation to lend his money subject to the priority of the city's lien for water rates. Having assented to the terms of the charter under which the city has supplied the water to its consumer, the law will not now permit the mortgagee to change the contract and deprive the city of its preference in payment. The owner of the property, who has not filed an answer, admits the justice of the city's claim,

37

and the mortgagee, who has appeared and defended, is concluded by his own acts.    The decree is affirmed.

*Decree unanimously affirmed.*