## ROBERT S. JOHNSTON

### v.

### THE BOROUGH OF BELMAR.

[Filed August 31st, 1899.]

1. Under act of 1888, chapter 56 (*Gen. Stat. p. 1642*), giving boards of health the right to regulate plumbing of buildings and to require plans to be submitted for their approval, where a plan submitted to the board has been approved, either as submitted or with alterations, the owner, if he proceeds with the work, must conform to the plans as approved.

Johnston *v.* Belmar.

2. Under act of 1888, chapter 56 (*Gen. Stat. p. 1642*), giving boards of health the right to regulate plumbing of buildings and to require plans to be submitted for their approval, where the borough supplies the water for the public, a board of health has no authority to control directly the turning on of the water for permanent use by private consumers or to cut it off when once so turned on.

3. Though the control of the public water-supply, and the sole right to turn it on and cut it off, is in the borough council, it has no right to cut off the water-supply from a private consumer on account of his failure to comply with the ordinances of the board of health respecting plumbing, in the absence of any regulation authorizing the cutting off the supply as a penalty for such violation.

4. Where the issue in a suit to restrain a city from cutting off the water-supply of plaintiff is one of law as to the rights of the parties, and is fully presented on the preliminary application, and no sufficient reason appears for delaying decision on the question until final hearing, a preliminary injunction will be granted.

On application for preliminary injunction against cutting off water-supply.

*Mr. Samuel A. Patterson*, for the complainant.

*Mr. Halsted H. Wainright*, for the defendant.

Emery, V. C.

The board of health of the borough, under the act of February 22d, 1888, chapter 56 (*Gen. Stat. p. 1642*), have the right to regulate the plumbing of buildings and to require plans to be submitted for their inspection and approval. Where a plan has been submitted by an owner to the board, and the plan so submitted has been approved, either as submitted or with alterations, the owner, if he proceeds with the work, must conform to the plans as approved. If the owner desires to question either the failure to approve his plans or the conditions as unreasonable, he must do so by appeal to the courts before proceeding with the work. Otherwise, he is bound in justice, as well as by the ordinance of the board of health, to follow the plans as approved. *Morford* v. *Board of Health, 32 Vr. 386 (Supreme Court, 1898), p. 390*, citing *Health Department* v. *Lalor, 38*

*Hun 542*. The answer does not set up that the owner's plans were not approved or that he is not following the plans which were approved originally, but claims the right to cut off the water-supply solely because of the failure of the owner to comply with the ordinances of the board of health in relation to open plumbing. For violation of the ordinances of the board of health, the owner is, by the statute, made subject to penalties on prosecution of the board of health, but the board of health have no authority under the statute either to control directly the turning on the water for permanent use, or to cut off the water when once so turned on, by reason of violation of their ordinances. Such control would subject the owner to an additional penalty. The control of the public water-supply and the sole right to turn it on and to cut it off is in the borough council, and in the absence of any regulation by the borough council itself, that water shall not be turned on until a certificate from the board of health has been obtained, that the plumbing conforms to their ordinances or plans, or that it shall be cut off after it has been turned on, by reason of failure to comply with the ordinances of the board of health, the borough council has no right to cut off the water-supply from an owner by reason of this failure. Its right to cut off the water must depend upon its own reasonable regulations in this respect. *Morford* v. *Board of Health, supra; Dayton* v. *Quigley,* 2 Stew. Eq. 77 (*Chancellor Runyon, 1878*); *Coe* v. *Railway Co.,* 3 Stew. Eq. 440 (*1879*); *Red Star Steamship Co.* v. *Jersey City,* 16 Vr. 246, 250 (*Supreme Court, 1883*). Complainant's conduct in originally interfering by force with the supply, as shown by defendant's affidavits, might be ground for refusing a preliminary injunction, if this forcible connection of the water-supply still continued at the filing of the bill, but the defendant having now resumed control of the supply, and complainant having now applied to the court for a declaration as to his rights, while the water is cut off, the existing rights of complainant should be determined without being prejudiced by his former forcible action. Complainant, as a taxpayer and owner of lands in the borough, is entitled to the common benefit of the water-

supply, for which he, in common with other owners, is taxed, unless the defendant, who has the control of the supply, shows good cause for depriving him of this common right. In the absence of any regulation by defendant authorizing the cutting off the supply, as a penalty for violating the ordinances of the board of health relating to the open plumbing, and in the absence of any claim that the work as constructed is a nuisance, the complainant is entitled to the use of the water. The only effective method of protecting a right of this character (that of the reasonable enjoyment and comfort of a home for himself, or tenants whom he may desire to obtain) is by the equitable relief of injunction (*Hart* v. *Leonard, 15 Stew. Eq. 416, 420*), and where the issue appears to be one of law, as to the rights of the parties, which is fully presented on the preliminary application, and no sufficient reason appears for delaying decision on the question until final hearing, a preliminary injunction may be granted. *Dayton* v. *Quigley, supra; Coe* v. *New Jersey Midland Railway Co., supra.* An injunction pending the hearing will therefore be granted as to the unoccupied house, upon condition that complainant pay or tender the water rent. No costs will be allowed on the application.