Complainant is a corporation in the dyeing industry and purchased machinery from the receiver of Turner and Company which had been engaged in the same business on the premises in question. Turner and Company, at the time it went into the hands of a receiver, owed large sums for water to the city of Jersey City and the city had turned off the water supply in the factory. The property was subject to a mortgage to the Trust Company of New Jersey which took over the premises and leased them to complainant. Complainant asked the city to turn on the water for its use and the city refused unless the arrearages on water bills of Turner and Company were paid. Complainant thereupon brought the present proceeding to compel furnishing of water to it.
Under the statutes applicable to the water supply of the city, water rents are liens on the property charged therewith and the city is given the right to shut off the water until *Page 246 
payment is made. The city contends that this disposes of the question.
However, this right cannot be exercised arbitrarily or under conditions which are inequitable. MacDowell v. Avon-by-the-SeaLand and Improvement Co., 71 N.J. Eq. 109; Johnson v. Boroughof Belmar, 58 N.J. Eq. 354; Dayton v. Quigley, 29 N.J. Eq. 77;Long Branch Commission v. Tintern Manor Water Co., 70 N.J. Eq. 71.
It appears from the affidavits submitted that the complainant cannot operate the factory without water. It is not in any way responsible for the debt for water previously supplied to Turner and Company. The machinery used by it would be greatly decreased in value by removing it and a considerable proportion of its value would be destroyed by such removal since some of it is a part of the building. The complainant assures the court that it will promptly pay for any water used by it and offers to give security for the payment of any bills for water incurred by it. An equitable case is therefore made out in favor of the complainant, provided the rights of the city are not impaired. I do not see how the city will suffer any substantial injury by supplying water to the complainant. Its lien for the old water bill is not imperiled and can be enforced whether complainant is furnished water or not. The trust company, as mortgagee in possession, is of course interested in the amount of the lien. The trust company disputes the amount of the old water bill.
The present situation comes within the principles laid down in the cases above cited, which allow the continuation of a water supply pending the determination of a bona fide dispute as to the amount due for water previously furnished. The case of Howe
v. City of Orange, 73 N.J. Eq. 410, cited by the defendants is not an authority in point, since in that case there was no dispute of the previous water bill.
I find no merit in the contention of the defendants that in view of the city ordinance in effect at the time, an owner only and not a tenant has a right to purchase water. Under section 81 of the city charter of Jersey City, the term owner is broad enough to include the occupier of the premises. Vreeland v.Jersey City, 37 N.J. Eq. 574. *Page 247 
An order will be advised enjoining the refusal of the city to furnish water to complainant pending the determination of the suit; on condition that complainant furnish security for the payment of bills for any water supplied to it.