Ann LONG, Appellant,

v.

CITY OF FORT WORTH, Appellee.

No. 16085.

Court of Civil Appeals of Texas.

Fort Worth.

March 4, 1960.

Rehearing Denied April 1, 1960.

Clarence E. Farmer, Fort Worth, for appellant.

S. G. Johndroe, Jr., City Attorney, Robert R. Goodrich, Jerome H. Parker, Jr., Martin Siegmund, James O. Price and R. Wright Armstrong, Asst. City Attys., Fort Worth, for appellee.

MASSEY, Chief Justice.

The trial court, after hearing and at the petition of appellee City, temporarily enjoined appellant from using certain property (which constituted her "home" in the City of Fort Worth) as a beauty shop, under the theory that such was a prohibited use under the City's comprehensive zoning ordinance (enacted under authority of Vernon's Ann.Texas Civ.St., Articles 1011a–1011k). Under the provisions of the ordinance the uses designated by Section 6, the section applicable to appellant's property, were limited to categories designated as " 'C' Apartment District". Beauty shops were not included in the designation, and, pursuant to other provisions of the ordinance, were to be considered as prohibited.

Article 1011h, V.A.T.S., "Enforcement and remedies", provides that the proper local authorities of the municipality shall have, in addition to other remedies in instances of use of property constituting a violation of ordinance, the right to "institute any appropriate action or proceedings to prevent such * * * use in or about such premises." 58 Am.Jur., p. 1043, "Zoning", sec. 188, "Injunctions", states that "In some cases, the right to maintain such suit is regarded as derived from a statutory provision authorizing municipalities to enforce zoning regulations; * * *." As authority for the statement, American Jurisprudence cites the case of Leigh v. City of Wichita, 1938, 148 Kan. 607, 83 P.2d 644, 119 A.L.R. 1503. Such rule applies in Texas in instances where municipalities seek to invoke equity as an aid to the enforcement of zoning ordinances enacted under authority of the aforementioned Articles (1011a–1011k). Hill v. City of Castle Hills, Tex.Civ.App., San Antonio, 1955, 282 S.W.2d 891, error refused.

Appellant does not question the authority of the City to enact zoning ordinances, neither does she attack this particular ordinance generally, but brings into question

the provisions of the aforesaid Section 6, " 'C' Apartment District", as applied to her operation of a beauty shop in her "home".

Prior to the initiation of such operation by appellant, the City's zoning ordinance, and the questioned section thereof, was in full force and effect. However, prior to the enactment of the City's zoning ordinance, and the questioned section thereof, there was in effect Vernon's Ann.Tex. Penal Code, Title 12, "Public Health", Chapter Four, "Barber Shops and Beauty Parlors", Art. 734b, "Hairdressers and cosmetologists". The said article provides for the organization and function of a regulatory State Board under which hairdressers, cosmetologists, etc., and the establishments or shops wherein the trade or profession is practiced, are controlled, licensed, etc. Under Sec 9(a) thereof (formerly Sec. 10(a)), "Sanitary rules; clerical help; inspectors and inspection", provision is made that the regulatory State Board shall prescribe sanitary rules and that any person who fails to comply therewith shall be subject to the penalties provided for by the Act. One of such penalties is prescribed as the right of the Board to refuse to issue or to renew, or the right to suspend or revoke, any license issued under the Act where the licensee is guilty of practicing hairdressing or cosmetology outside of a beauty shop, with certain immaterial exceptions noted. Provisions read further, as follows: "It shall be unlawful for a person * * * to operate a beauty shop * * * unless the same is a bona fide establishment with a permanent and definite location completely and permanently separated by solid walls, with no openings from rooms used wholly or in part for residential or sleeping purposes. *Provided, a person may have a shop in his or her home where the requirements, provisions, and sanitary rules of this Act are complied with.*" (Emphasis supplied.)

The gist of several points of error presented to us is that the zoning ordinance of the City of Fort Worth, and particularly Section 6 thereof, which purports to prohibit the use of appellant's "home" or a portion thereof as a beauty shop because of its location in a zone where such use is prohibited, is arbitrary, discriminatory and violative of the State Constitution, Texas, Art. 11, Sec. 5, and Art. 1, Sec. 19 (Vernon's). Otherwise stated, appellant not only challenges validity of the restriction as having no real or tangible relation to the public health, safety, morals or general welfare, but also challenges the validity of such restriction of the ordinance as containing a provision inconsistent with Art. 734b of the Vernon's Ann. Penal Code, a general law enacted by the Legislature.

It is our opinion that the *objective* of the pertinent section of the City's comprehensive zoning ordinance, enacted pursuant to provisions of V.A.T.S., Articles 1011a–1011k, included the intent to prohibit persons who might desire to operate beauty shops in their homes from so doing in the event such homes were zoned so as to prohibit such use (where no exception to such control existed),—while the *objective* of the pertinent section of Art. 734b, V.A.P.C., was to provide with certainty that, in the absence of any prohibition by any other statute (including an ordinance enacted pursuant to provisions of statute), and in instances when and at places where a person would be entitled to operate a beauty shop in her home except and unless such right, otherwise undoubted, might be construed to have been abridged pursuant to the provisions of said penal article, and especially Sec. 9(a) thereof,—the same was not to be so construed by the Board itself, or the courts, as having the intent to prohibit the operation of beauty shops in homes (in instances where requirements, provisions, and the sanitary rules prescribed by the Board had been complied with). It necessarily follows that neither the statute nor the ordinance is subject to a construction which would serve to effect impairment, one upon the other. Although two statutes refer to the same subject, both will stand unless their *objects* are the same, or unless there is some irreconcilable

conflict upon the specific subject. 39 Tex. Jur., p. 142, "Statutes", sec. 76, "Identity of Subject and Object". The rule of law set out in the text, and by the many cases cited thereunder, would have application to the question posed in this instance.

■ On the other phase of constitutional attack we are satisfied that previous decisions have settled the question, to the contrary of appellant's contention, of whether pertinent provisions of the City ordinance have real and tangible relation to the public health, safety, morals or general welfare. Indeed, it has been held that a refusal by a municipality to permit a property owner to use the same for any purpose except those specified in the applicable municipal zoning ordinance did not deny such owner any constitutional right. Lombardo v. City of Dallas, 1934, 124 Tex. 1, 73 S.W.2d 475. We see no distinction to be made between the Dallas ordinance and that before us, as applied to the question considered. Judge Cureton's discussion at pages 483–486, inclusive of 73 S.W.2d is particularly pertinent.

■ Under another point of error appellant contends that provisions to be found under another section of the City's ordinance permits use of the appellant's premises as a beauty shop as a "home occupation". Thereunder "home occupation" was defined: " * * * such as the office of a physician, surgeon, dentist or artist." Appellant contends that in the practice of her profession of "hairdresser" she was an "artist" (as defined in Webster's International Dictionary, 1906 Edition) and that therefore the ordinance itself permitted her to practice her said profession in a beauty shop in her "home". A decision upon the point presented, and to the contrary of appellant's contention, was rendered in the case of Board of Adjustment of City of San Antonio v. Levinson, Tex.Civ.App., San Antonio, 1951, 244 S.W.2d 281. The point is overruled.

■ Appellant leveled an exception against the pleadings of the City on the ground that the same did not set out any' specific acts of "irreparable damage and injury" to the "health", "safety", and "welfare" of the City. The exception was overruled. Same was saved and is presented as a point of error. Since, as already noticed, the right of the City to maintain injunction in enforcement of its zoning ordinance exists pursuant to the provisions of V.A.T.S., Art. 1011h, any deficiency in the allegations by the City in the respects whereof appellant complains is not essential to the maintenance of the cause of action presented by the petition.

We have been somewhat troubled as result of the fact that the order entered was for the writ of temporary injunction, and that the hearing held in the trial court, while essentially full and complete, was not upon the merits of the City's cause of action for permanent injunction. Furthermore, the fact that appellant was demanding a jury at all times and has advanced a point of error premised upon its denial has occasioned some concern, though in instances where the hearing is truly to determine propriety of and justification for issuing a writ of temporary injunction a defendant would never be entitled to a jury.

■ Certainly it is a sound general rule that where the principles of law on which the asserted right to a preliminary injunction rests are in dispute and will admit of doubt a court of equity will not grant such injunction unless there has been a decision of a court of law establishing such principles. We have already discussed the principle of law which is in dispute between the parties to the appeal. There has been no prior decision of any court which establishes the principle. The question, not heretofore resolved, is whether the pertinent provisions of Art. 734b, V.A.P.C., including the language, "Provided, a person may have a shop in his or her home * *", is in conflict with the prohibitory provisions of the City's comprehensive zoning ordinance. Certainly, proper answer to the

**648**

question posed will admit of doubt. Therefore it would have been preferable that the answer be deferred until after a trial on the merits.

■ However, we have decided that the circumstances of this case constitute an exception to the general rule, and that under such circumstances there has ceased to exist the "reason" for adherence to such general rule. There existing no reason for the "rule", it will fall along with the "reason". In view of the undisputed evidence, particularly from appellant herself, the situation posed in the record is analogous to those in instances of summary judgment where the trial court correctly rules that there is no issue of fact to be tried. It has been previously noticed that it would not constitute error to proceed without a jury on a temporary injunction hearing. It might also be noticed that, there having been no issue of fact below, the denial to appellant of the jury demanded by her could not have operated to her prejudice, even should we consider the hearing as having been held upon the merits. The issue before the trial court was one of pure law. Likewise, in this appellate court the issue is one of pure law. We know of one authority which held that where the right to preliminary injunction depends on a disputed question of law, and the case is fully presented on preliminary hearing, it is proper to determine such question of law at conclusion of the the preliminary hearing, if it is obvious that no sufficient reason exists for delaying the decision until the final hearing. Johnson v. Borough of Belmar, 1899, 58 N.J.Eq. 354, 44 A. 166; 32 C.J., p. 40, "Injunctions", sec. 18(3), "Disputed Questions of Fact or Law.—Disputed questions of law"; 43 C.J.S. Injunctions § 19, Existence and Nature of Right Protected—Doubtful rights, sub. (c), Disputed Questions of Fact or Law—Disputed questions of law, p. 435. We believe the instant case to be one in which it was proper to make

the determination of the law question involved, and upon which the City's right to injunction depended.

Affirmed.