

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 30, 1970

Honorable Hunter B. Brush          Opinion No. M-737
Criminal District Attorney
Smith County
Tyler, Texas  75701               Re:  Has Article 902,
                                       Vernon's Penal Code,
                                       been repealed by
                                       Article 978j-1, of
Dear Mr. Brush:                        that code?


    You have inquired whether Article 902, Vernon's Texas Penal Code, has been impliedly repealed by Article 978j-1 of that Code.  Article 902, originally enacted in 1925, prohibits the hunting of deer or other protected animals with artificial lights.1/  Any person violating its provisions may be fined from $50.00 to $200.00, or confined in the county jail from thirty to ninety days, or both.

---

    1/  "It shall be unlawful. . . to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting-lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light.  Any person violating any of the provisions of this article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum of not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars, or by confinement in the county jail for not less than thirty (30) days nor more than ninety (90) days, or by both such fine and imprisonment."

Article 978j-1, commonly known as the Uniform Wildlife Regulatory Act, was enacted in 1967 to reduce the contents of seventy-one separate Acts into a single Act. For all counties placed within the Uniform Act, the Parks and Wildlife Commission is granted authority and power to provide by proclamation, rule, or regulation the seasons, means, method and bag limits for the taking of wildlife resources within such counties. Any person who violates the Uniform Act or any proclamation, rule or regulation issued by the Commission may be fined from $25.00 to $200.00 for each violation.

Section 15 of the Uniform Act contains an express listing of all statutes repealed thereby. Article 902 is not mentioned. However, Section 15 continues as follows:

"Any and all laws, general and special, and not specifically saved from repeal in this section, but in conflict with the provisions of this Act are repealed to the extent of such conflict only."

Article 902 is not specifically saved from repeal. The question remains as to whether Article 902 is in conflict with the Uniform Act.

We see nothing in the Uniform Act in conflict with Article 902[2/] unless it be that portion of the Uniform Act which grants authority to the Parks and Wildlife Commission to regulate the means and methods whereby game birds and animals may be taken. Whether this provision, alone, would impliedly repeal Article 902 is answered in Section 18 of the Uniform Act as follows:

---

[2/] We recognize that if a new law covers the whole subject matter of a former law and prescribes a different penalty, the former law is repealed by implication. Lane vs. State, 165 Tex.Crim. 222, 305 S.W.2d 595 (Tex.Crim.App., 1957). This rule, however, is not applicable where, as we have concluded infra, the statutes pertain to different subject matter offenses.

"Section 18

". . .

"All game laws, General and Special, . . . pertaining to the State of Texas or any county or counties therein, shall be in full force and effect until the Parks and Wildlife Commission shall, in accordance with this Act issue a proclamation, rule or regulation dealing with the subject matter of the county affected by such presently existing game law."

As indicated in your letter to us, Smith County was placed within the regulatory authority of the Commission by an Act of the Legislature on June 10, 1969. Thereafter, the Commission promulgated rules for the Smith County region in "Northeast Texas Hunting Proclamation F-22 (1969-1970)" effective October 18, 1969. Part Two of Proclamation Number F-22 concerns the general means and methods whereby game birds and game animals may be lawfully taken:

"2.01 Means and Methods

"It shall be unlawful to take or attempt to take or kill or attempt to kill any game bird or game animal except by the means and methods authorized under Part Two of this proclamation."

Hunting by use of artificial lights is not mentioned in the proclamation. Therefore, since such means are not expressly permitted it would be unlawful by implication of omission to take deer or other protected animals through this method. It is clear, however, that the Commission, through its proclamation, has not attempted to define a specific offense of headlighting deer. Article 902 deals specifically with this question.

Applying the rules of statutory construction, we recognize the general rule that a later statute usually controls an earlier statute concerning the same subject matter. cf. 53 Tex.Jur.2d 149, Statutes, Section 101. Implied repeal of a statute, however, is looked upon with disfavor by Texas courts. Standard vs. Sadler, 383 S.W.2d

391 (Tex., 1964); Gordon vs. Lake, 163 Tex. 392, 356 S.W.2d 138, (1962). The doctrine of implied repeal may not be invoked merely because there is some difference, discrepancy, inconsistency, or repugnancy between earlier and later legislation. Royalty vs. Nicholson, 411 S.W.2d 565 (Tex.Civ.App., 1967); 53 Tex.Jur.2d 148, Statutes, Section 100. Where there is no express repeal, the presumption is that in enacting a new law the Legislature intended the old statute to remain in operation. 53 Tex.Jur.2d 150, Statutes, Section 102. Thus, every effort is made to reconcile two overlapping statutes, and unless the statutes are in irreconcilable conflict, both statutes will be allowed to stand. State vs. Jackson, 370 S.W.2d 797, (Tex.Civ.App., 1963, aff'd 376 S.W.2d 341, Tex.Sup. 1964).

Where statutes do conflict, a specific statute usually prevails over a general statute. State vs. Humble Oil and Refining Company, 187 S.W.2d 93 (Tex.Civ.App., 1945). This rule applies even though the general statute has been enacted more recently. Thus, a general law will not ordinarily be held to have repealed by implication, a particular law, though both relate to the same subject matter. American Canal Company vs. Dow Chemical Company, 380 S.W.2d 662 (Tex.Civ.App., 1964); Royalty vs. Nicholson, 411 S.W.2d 565, supra.

We have concluded that Article 902 and the Uniform Act (as supplemented by Proclamation Number F-22) may be easily reconciled. The two statutes do not contain conflicting requirements, nor do the two statutes have the same objects in mind. The Uniform Act and Proclamation F-22 are primarily concerned with enumerating the means and methods by which game may be taken. Article 902 contains an express prohibition and penalty against taking any game by means of artificial light. There can be a repeal by implication only when the two acts or statutory provisions treat the same matters, or their subject and object are the same. Thus, though the two may refer to the same subject, both will stand unless their objects are the same or unless there is some irreconcilable conflict on the specific subject. Cole vs. State, 106 Tex. 472, 170 S.W.2d 1036 (Tex., 1914); Long vs. Fort Worth, 333 S.W.2d 644 (Tex.Civ.App., 1960). It is our opinion that the two statutes deal with different subject matter and do not conflict.

Even should the statutes be considered as conflicting, Article 902 is clearly the more specific statute. Thus, insofar as the specific subject matter of taking game by means of artificial light is concerned, Article 902 would control.3/

We recognize that the statutes overlap inasmuch as headlighting would not be authorized under either statute. The statutes, however, in no way conflict as to what conduct is proscribed, and impose no conflicting requirements upon the hunter. We therefore conclude that the specific Article 902 has vitality and that it supplements the Uniform Act in Smith County. We regard the statutes as cumulative rather than mutually exclusive. Our conclusion appears to be in conformity with a venerated principle of statutory construction dating back to 1885 where, in Lufkin vs. City of Galveston, 63 Tex. 437, the Supreme Court stated:

> "As a natural result of this principle, it follows that where in one section a general rule is prescribed, which without qualification would embrace an entire class of subjects, and in another section

---

3/ State vs. Jackson, supra, concerned the effect of a Parks and Wildlife Commission proclamation directly in conflict with a specific State statute. The court in considering whether or not the latter proclamation took precedence over the earlier statutes stated as follows:

> "It is further our view that if the Legislature by specific legislation closes or opens bays or title waters to certain kinds of fishing, only the Legislature by later similar specific legislation can open or close the same." 370 S.W.2d at 800.

We therefore express some doubt as to whether the Commission by proclamation can repeal Article 902 by implication.

a different rule is prescribed for individual sub-
jects of the same class, the latter must be con-
strued as exceptions to the general rule, and be
governed by the section which is applicable to
them alone."

Thus, we conclude that Article 902 has not been impliedly
repealed by the Uniform Wildlife Regulatory Act and the
Northeast Texas Hunting Proclamation F-22.

We have reached the conclusion above not without
detailed consideration of another provision of the Uniform
Act, viz., Section 15(f). Section 15, as indicated above,
contains a specific listing of statutes expressly re-
pealed by the Uniform Act. The Section also contains a
listing of statutes expressly saved from repeal. Subsec-
tion (f) provides as follows:

". . ./P/rovided further that: . . . (f) in Webb
County Article 901, 902 and 924a of the Penal Code of
the State of Texas shall not be affected; . . ."
/Emphasis Added/

At first glance, this section seemingly indicates that
Article 902 may have been repealed in all other counties.
Considering the legislative history of this particular pro-
vision, however, we have concluded that the language has
effect only insofar as it withdraws authority from the
Commission to enact a proclamation, rule or regulation
contrary to the provisions of Article 902.

At this point, it is helpful to digress with a brief
history of the Parks and Wildlife Commission. In 1895,
the Texas Fish and Oyster Commission (predecessor of
the Parks and Wildlife Commission) was established. From
that time until 1943, the Commission employed game war-
dens and other personnel to enforce the game laws of
the state, but such laws were enacted only by the Texas
Legislature. In 1943, the Commission was granted regula-
tory authority similar to that granted by the Uniform Wild-
life Regulatory Act for certain territory west of the Pecos

River. From that date until 1967, some seventy-two separate Acts placing various counties within such regulatory authority were enacted.

In 1961, the 51st Legislature, following the procedure above, placed Webb County within the regulatory authority of the Game and Fish Commission. Section 16 of that Act contained the following language:

> ". . . Provided, however, that the provisions of Article 901, Article 902, and Article 924a of the Penal Code of the State of Texas shall remain in full force and effect in said county."

Clearly, at the time of its enactment this language had effect only to insure that the Commission regulations would never permit taking of wild game through the use of headlights, or would not change the penalty therefor. Since the language of Section 15(f) is almost verbatim the same as in the original Webb County Act, we conclude that the language has the same effect as it originally did; i.e., authority is withdrawn from the Commission to ever enact a regulation contrary to the provisions of Article 902 in Webb County.

Our opinion is that Article 902, insofar as it pertains to Smith County, has not been impliedly repealed by the Uniform Wildlife Regulatory Act and Proclamation F-22. Instead, the two statutes should be properly regarded as cumulative and supplementary to each other.

## S U M M A R Y

> Under Parks and Wildlife Commission Proclamation F-22, Article 902 and Article 978j-1, commonly known as the Uniform Wildlife Regulatory Act, are cumulative and supplementary to each other. Article 902 has not been impliedly repealed in Smith County by the Uniform Wildlife Regulatory Act.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Earl S. Hines
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Glenn Brown
Harold Kennedy
Howard Fender
John Reese

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant