

# The Attorney General of Texas

July 11, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700 ·
. ʝuston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ron Jackson
Executive Director
Texas Youth Commission
P. O. Box 9999
Austin, Texas    78766

Opinion No.   JM-520

Re: Whether Acts 1985, 69th Leg.,
ch. 596, at 4559, impliedly repealed
section 51.03(b)(5) of the Family
Code, which defines, inhalation of
paint fumes or glue as "conduct
indicating a need for supervision"

Dear Mr. Jackson:

The Family Code provides for court proceedings in regard to
delinquent children, Family Code §§51.01-54.10. The code creates two
different categories of conduct over which juvenile courts exercise
jurisdiction: "delinquent conduct" and "conduct indicating a need for
supervision." Section 51.03 of the code defines those terms:

> (a) Delinquent conduct is conduct, other than a
> traffic offense, that violates:
>
> (1) a penal law of this state punishable by
> imprisonment or by confinement in jail; or
>
> (2) a reasonable and lawful order of a
> juvenile court entered under Section 54.04 or
> 54.05 of this code, including an order prohibiting
> conduct referred to in Subsection (b)(4) of this
> section.
>
> (b) Conduct indicating a need for supervision is:
>
> (1) conduct, other than a traffic offense or
> other than an offense included in Subdivision (5)
> of this subsection, that on three or more
> occasions violates either of the following:
>
> (A) the penal laws of this state of the
> grade of misdemeanor that are punishable by
> fine only; or

(B)   the penal ordinances of any political subdivision of this state;

(2)   the unexcused voluntary absence of a child on 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period from school;

(3)   the voluntary absence of a child from his home without the consent of his parent or guardian for a substantial length of time or without intent to return;

(4)   conduct which violates the laws of this state prohibiting driving while intoxicated or under the influence of intoxicating liquor (first or subsequent offense) or driving while under the influence of any narcotic drug or of any other drug to a degree which renders him incapable of safely driving a vehicle (first or subsequent offense); or

(5)   conduct prohibited by city ordinance or by state law involving the inhalation of the fumes or vapors of paint and other protective coatings or glue and other adhesives.   (Emphasis added).

Legislation enacted in 1985 has created uncertainty about whether paint and glue sniffing now constitute delinquent conduct or whether such acts still constitute conduct indicating a need for supervision. Acts 1985, 69th Leg., ch. 596, at 4559. That legislation amended two statutes that deal with abuse of paint and glue, articles 4476-13a and 4476-15, V.T.C.S.

Article 4476-13a, section 3, makes the inhalation of substances containing certain "volatile chemicals" a penal offense. See art. 4476-13a, §2 (listing chemicals that are "volatile chemicals" for purposes of article 4476-13a). Paint or glue may contain a "volatile chemical." The 1985 legislation made a violation of article 4476-13a, section 3, a Class B misdemeanor. Previously it had been a Class C misdemeanor. Thus, paint or glue sniffing may now constitute a Class B misdemeanor under article 13a, section 3.

Article 4476-15 deals with abuse of controlled substances generally. The 1985 legislation amended article 4476-15 to add a provision that specifically makes the inhalation of certain paints and glues a Class B misdemeanor. Art. 4476-15, §§4.13(j), (k). Previously article 4476-15 had not contained a provision prohibiting inhalation of such substances. In short, the effect of the 1985 legislation was

to make paint or glue sniffing, which was previously punishable only as a Class C misdemeanor, punishable as a Class B misdemeanor under two different penal statutes.

The Family Code specifically provides that paint or glue sniffing constitutes conduct indicating a need for supervision. Family Code §51.03(b)(5). It also provides, however, that conduct that violates a state penal law and is punishable by imprisonment constitutes delinquent conduct. Family Code §51.03(a)(1). A Class B misdemeanor is punishable by imprisonment. Penal Code §12.22. A Class C misdemeanor is not. Penal Code §12.23. Thus, the effect of the 1985 legislation was to make paint or glue sniffing, which had previously been punishable by fine only, punishable by imprisonment. Consequently, the literal language of section 51.03 now makes paint or glue sniffing both delinquent conduct and also conduct indicating a need for supervision. Therefore, you ask whether the 1985 legislation impliedly repealed section 51.03(b)(5), which makes paint or glue sniffing conduct indicating a need for supervision.

Two statutes relating to the same subject will stand unless there is an irreconcilable conflict. Long v. City of Fort Worth, 333 S.W.2d 644, 646-47 (Tex. Civ. App. - Fort Worth 1960, no writ). We think that in this case the 1985 change in the penal laws created a conflict within section 51.03 of the Family Code because we do not think that the categories of "delinquent conduct" and "conduct indicating a need for supervision" were intended to overlap, but we believe that the provisions can be harmonized.

A juvenile court may commit a child to the Texas Youth Council for delinquent conduct but not for conduct indicating a need for supervision. Family Code §54.04. Because different consequences follow from delinquent conduct than from conduct indicating a need for supervision, we must conclude that the categories were intended to be mutually exclusive. Therefore, since paint and glue sniffing cannot be both delinquent conduct and conduct indicating a need for supervision, we must determine the current status of paint and glue sniffing under section 51.03 of the Family Code.

The goal of statutory construction is to ascertain legislative intent. Knight v. International Harvester Credit Co., 627 S.W.2d 382, 384 (Tex. 1982). In 1977 the legislature amended section 51.03 to add subsection (b)(5), which specifically designated paint and glue sniffing conduct indicating a need for supervision. Acts 1977, 65th Leg., ch. 340, at 906. The 1977 legislation was an explicit determination that paint and glue sniffing should not be treated as seriously as delinquent conduct but that paint and glue sniffing should be treated more seriously than conduct within the category of misdemeanors punishable by fine only. (Any single incidence of glue or paint sniffing constitutes conduct indicating a need for supervision,

whereas three incidences of conduct in the category of misdemeanors punishable by fine are necessary to constitute conduct indicating a need for supervision. Family Code §§51.03(b)(1)(A), 51.03(b)(5).) We think that the legislature's enactment of a bill that dealt specifically with the treatment of paint and glue sniffing for purposes of section 51.03 indicates that the legislature carefully considered how such conduct should be treated for purposes of the law governing delinquent children.

We find nothing in the 1985 legislation discussed above that indicates that the 1985 legislature reconsidered the issue of how paint and glue sniffing should be treated for purposes of the law governing delinquent children. The 1985 legislation deals exclusively with penal statutes. It makes no reference to delinquency statutes. However, because section 51.03(a)(1) of the Family Code relies on the gradation of criminal conduct under penal statutes to define "delinquent conduct," the 1985 legislation had at least the apparent effect of including paint and glue sniffing in the category of "delinquent conduct" for purposes of the law governing delinquent children. We find no indication, however, that the legislature specifically intended that effect or that the legislature even considered the effect that a change in the penal law might have on statutes dealing with delinquent children. Therefore, we do not think that the legislature intended to repeal section 51.03(b)(5) when it increased the penalty for paint and glue sniffing under the criminal law.

Also, implied repeals are not favored. Standard v. Sadler, 383 S.W.2d 391 (Tex. 1964). A general law does not ordinarily repeal a more particular law on the same subject. Flowers v. Pecos River R. Co., 156 S.W.2d 260, 263, (Tex. 1941). Rather, the particular law is considered an exception to the general law. Id. We think the rule of Flowers provides help in construing the current meaning of section 51.03. In defining "delinquent conduct" the legislature relied on the general category of penal offenses punishable by imprisonment, which only later came to include paint and glue sniffing. In defining "conduct indicating a need for supervision," the legislature spoke specifically to the matter of paint and glue sniffing. We do not think that a change in the criminal law that enlarges the conduct included in the general category of penal offenses punishable by imprisonment should be construed to nullify a provision specifically governing the treatment of paint and glue sniffing for purposes of juvenile adjudication.

In addition, since statutes governing the conduct of juveniles have quasi-penal consequences, they should be construed in favor of the individual who is accused of their violation.

Therefore, we conclude that the 1985 change in the treatment of paint and glue sniffing for purpose of criminal law did not impliedly repeal the legislature's specific treatment of the matter of paint and glue sniffing for purposes of juvenile law.  Section 51.03(b)(5) should be read as an exception to section 51.03(a)(1).

## S U M M A R Y

Section 51.03(b)(5) of the Family Code has not been impliedly repealed.  Section 51.03(b)(5), which provides that paint and glue sniffing constitute conduct indicating a need for supervision for purposes of court proceedings against delinquent children, is an exception to section 51.03(a)(1), which provides that conduct that violates a penal law punishable by imprisonment is delinquent conduct against delinquent children.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General