**WESTWORTH VILLAGE, Appellant,**

v.

**Earl E. MITCHELL, Appellee.**

No. 16793.

Court of Civil Appeals of Texas.

Fort Worth.

March 24, 1967.

Rehearing Denied April 21, 1967.

Hill, Paddock & Street and John G. Street, Jr., Fort Worth, for appellant.

Arthur Lee Moore, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a suit brought by Westworth Village, a municipal corporation, for a tempo-

rary and a permanent injunction against the unlawful operation of a business at 100 Red Bird Lane in said village because the business involved is prohibited by its Ordinance No. 19. On the grounds that Westworth Village had allegedly been guilty of laches and had waived enforcement of the ordinance the trial court denied the relief sought. We reverse and remand.

It is undisputed that the ordinance was in effect at the time the appellee started operating the business in question on January 1, 1955 and that on that date the appellee knew that the property at 100 Red Bird Lane was not zoned for business. Appellee in open court admitted he was in violation of the ordinance in operating the business. Thus admittedly the appellee intentionally and knowingly commenced violating the ordinance on January 1, 1955 when he opened up his business and has continued such violation every day since that time.

"Since ordinances are not rendered invalid or inoperative for failure of enforcement, or because of the acts of officials in authorizing their violation, a city is not estopped to enforce a valid ordinance by failure of its officers to enforce it on other occasions or in other instances." 39 Tex. Jur.2d 619, § 288, p. 620. See Eckert v. Jacobs, 142 S.W.2d 374 (Austin Tex.Civ. App., 1940, no writ hist.) ; Zachry v. City of San Antonio, 157 Tex. 551, 305 S.W.2d 558 (Tex. 1957).

■ An injunction suit filed against the appellee in 1961 and dismissed in 1964 for want of prosecution does not constitute a bar against the refiling of such suit. Stone v. Miller, 134 S.W.2d 862 (Texarkana Tex. Civ.App., 1939, dis. judgm. cor.) and authorities cited therein.

■ Limitations do not run against incorporated cities. Article 5517, Vernon's Ann.Civ.St.; Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 132 (Tex. 1962). In the case of City of Fort Worth v. Johnson, 388 S.W.2d

400 (Tex. 1964) it was contended that due to laches on the part of the city there would be irreparable damage if the ordinance was enforced. In reversing the trial court and the Court of Civil Appeals, the Supreme Court held that "Adoption of a zoning ordinance by the governing body of a city represents the exercise of a delegated legislative discretion, and enforcement or nonenforcement of the ordinance is not a matter for judicial discretion. * * If the evidence is conclusive that a zoning ordinance is arbitrary and unreasonable, generally or as to particular property, it is the duty of the courts to refuse to enforce it; but in the absence of such proof, it is the duty of the courts to enforce it." Additionally the court held that the city made its case when it proved the ordinance and its violation (as was done in this case) and that the burden of proof was then upon the defendants to prove that the ordinance bore no substantial relation to the health, safety, morals or general welfare of the community and was thus arbitrary or unreasonable. The evidence offered by the appellee in the case at bar did not meet this burden.

■ In City of Fort Worth v. Johnson, supra, the court held that since laches is an affirmative defense the burden was upon defendants to prove two of its essential elements as follows: (1) unreasonable delay by one having legal or equitable rights in asserting them and (2) a good faith change of position by another to his detriment because of the delay. The appellee failed to prove either. Obviously there was no good faith change of position by the appellee to his detriment because of any alleged delay on the part of the appellant. He has made no change in position from the date he opened his business in violation of the ordinance. He has merely continued a day to day violation. See 22 Tex.Jur.2d, § 54, pp. 601, 603, "Equity" and 35 Tex.Jur.2d, § 4, pp. 463, 464, "Laches and Stale Demands." Laches is an equitable doctrine. It cannot be used to reward inequitable conduct nor to defeat justice.

Laches embraces not only the element of time but the added ingredient of prejudicial harm. The delay has subjected appellee to no disadvantage in asserting any claimed right or defense.

In City of Corpus Christi v. Lone Star Fish & Oyster Co., 335 S.W.2d 621 (San Antonio Tex.Civ.App., 1960, no writ hist.) the court held that the status quo to be protected is the status which existed before the appellees began to operate the oyster shucking plant in violation of a valid city ordinance. Further that since the business was being operated in daily violation of city ordinances that the rule of balancing of equities or hardship did not apply.

In Bartlett v. City of Corpus Christi, 359 S.W.2d 122 (El Paso Tex.Civ.App., 1962, no writ hist.) the court found that the contention that the city had waived its right to enforce a particular ordinance by permitting appellant to operate for eight years without protest was without merit.

"The general rule is that the mere fact that, without more, city officials fail to enforce a zoning ordinance against a violator does not estop the city from subsequently enforcing it against him. * * *" 58 Am.Jur. 1045, § 192. See also Leigh v. City of Wichita, 148 Kan. 607, 83 P.2d 644, 119 A.L.R. 1503 and Annotation in 119 A.L.R. 1511; 62 C.J.S. Municipal Corporations § 226(13), p. 477, and 18 Baylor Law Review 488, under the title of "Injunction for a Zoning Violation" and authorities cited therein.

■ There is no evidence in this record to support a claim of discrimination because other persons in the city are violating the ordinances. Hill v. Board of Adjustment of City of Castle Hills, 301 S.W.2d 490 (San Antonio Tex.Civ.App., 1957, ref.).

In Hemphill County v. Adams, 406 S.W. 2d 267 (Amarillo Tex.Civ.App., 1966) the court held that the county's cause of action for damages for conversion of its property can be barred by a statute of limitation and is barred by the two year statute. In a per curiam opinion dated December 7, 1966, Vol. 10, Tex.Sup.Ct.Journal, p. 146, the Supreme Court under Rule 483, Texas Rules of Civil Procedure reversed the judgment of the Court of Civil Appeals without granting writ of error and in remanding to that court held, " * * * The primary holding is in conflict with our opinions in Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961) and City of Port Arthur v. Tillman, Tex., 398 S.W.2d 750 (1965) in which we held that by virtue of the provisions of Article 5517, Vernon's Texas Civil Statutes, rights of action held by the governmental entities there named, which includes counties, cannot be barred by any statute of limitation." Incorporated cities are also named as one of the "governmental entities."

The judgment of the trial court denying appellant a temporary injunction is reversed and remanded to the trial court with instructions to grant it.

Reversed and remanded with instructions.