

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00208-CV

———————————————

RANCHO DE LOS ARBOLES LLC AND ELLEN EAKIN, Appellants

V.

TOWN OF CROSS ROADS, TX, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-9499-467

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellants Rancho De Los Arboles LLC (the "LLC") and Ellen Eakin (collectively, "Rancho") appeal the trial court's order dismissing with prejudice their claims for declaratory relief and to enjoin enforcement of a zoning ordinance that governs short-term rentals in single-family residential districts of the Town of Cross Roads, Texas. Because we hold that dismissal with prejudice was appropriate for some but not all of their causes of action, we will affirm in part, reverse in part, and remand the case to the trial court to afford Rancho an opportunity to replead.

### II. BACKGROUND

In 2010, John Eakin[1] and Ellen Eakin purchased property in Cross Roads.[2] In 2011, ownership of the property transferred to the LLC. Ellen Eakin is the LLC's business operator and registered agent. Since acquiring the property, Rancho has advertised and rented or leased the property for periods shorter than 30 days—that is, operated it as a short-term rental (STR)—and has paid hotel occupancy taxes to the State of Texas and to Denton County.

---

[1]John Eakin was not a party in the trial court and is not a party to this appeal.

[2]Cross Roads is a type A, general-law municipality. *See* Tex. Const. art. XI, § 4; Tex. Loc. Gov't Code Ann. § 5.001; Cross Roads, Tex., Code of Ordinances ch. 1, § 1.02.001(a) (2024).

Since 2002—and well before Rancho acquired the property—Cross Roads had regulated the residential use of property through a zoning ordinance. The current version of the ordinance, which Cross Roads most recently amended in 2024, restricts allowed uses in districts zoned for single family residential use, stating that, "no building or land shall be used . . . [for a purpose not] provided in this article," and then enumerating several allowed uses. Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.074(b) (2024). The enumerated uses include "Bed and breakfast facilities," but only by permit:

> Bed and breakfast facilities must have an annual permit issued by the town and will follow the following guidelines: [ ] No individual property owner shall use his residence as a bed and breakfast facility as that term is defined herein without first having received a permit from the town council of the town.

*Id.* § 14.03.074(b)(11). The ordinance further provides that "[e]very use not hereby specifically authorized and permitted is expressly prohibited in [Single Family] Residential District." *Id.* § 14.03.074(b)(17).

A "Bed and breakfast facility" is defined elsewhere in the zoning ordinance as "[a]n owner-occupied private home which offers lodging for paying guests, and which serves breakfast to these guests and contains one (1) or more guest bedrooms." *Id.* § 14.03.003. In another section the zoning ordinance defined a "hotel" as "an

establishment offering lodging to the transient public for compensation" and specifies that a hotel is a nonresidential use.[3] *Id.* § 14.03.003.

On August 17, 2022, Cross Roads, via its city attorney, sent a letter to Rancho's attorney, explaining that Cross Roads's zoning ordinance prohibits STRs in areas zoned for single-family residential uses.[4] Summarizing part of its Comprehensive Zoning Ordinance, Cross Roads reminded Rancho of enforcement letters[5] Rancho had received, warning of potential citation or prosecution. *See id.* § 14.03.041 (2024).

A year and a half later, in March 2024, the Cross Roads Municipal Court sent Rancho a notice that the court had "received some complaints in your name." The single-page notice stated that copies of the complaints were enclosed[6] and included a hearing date and an option to "take care of the citation before the hearing" by paying

---

[3]Cross Roads would later claim that Rancho was operating the property as a hotel.

[4]The parties agree that when this suit was filed the property was in a district zoned for single-family residential uses. However, the record is unclear as to the zoning classification or use restrictions on the dates the property was originally purchased or was transferred to Rancho.

[5]None of the enforcement letters to which Cross Roads's 2022 letter refers appear in the record. The record thus does not indicate whether previous enforcement was civil or criminal or what remedies Cross Roads pursued.

[6]No complaints are in the record. The municipal court's letter, referred to as a "true and correct copy of the [c]itation" in Rancho's pleadings, does not conform to the legal standards for either a criminal or civil citation. *See* Tex. Code Crim. Proc. Ann. art. 14.06 (b); Tex. Loc. Gov't Code Ann. §§ 54.012, .015; Tex. R. Civ. P. 21, 21a, 99.

4

fines listed for three violations: "Operating Single-Family Dwelling as a Hotel"; "Failure to File a Quarterly Occupancy Report"; and "Failure to Remit Hotel Levy."

Seven months later, in October 2024, Rancho sued Cross Roads. It sought a temporary restraining order and an injunction to prevent Cross Roads from prosecuting or enforcing its ordinance; requested a declaration that the prohibition against STRs violated Rancho's property rights under Article 1, Sections 3, 16, and 19 of the Texas Constitution; requested a declaration that passage of the ordinance was an ultra vires act by Cross Roads; and, in the alternative, requested a declaration that the zoning ordinance allowed STRs in single-family residential districts. Cross Roads answered and filed a plea to the jurisdiction claiming governmental immunity and challenging the existence of jurisdictional evidence.

One month before the hearing on Cross Roads's plea to the jurisdiction, Rancho amended its petition. In response, Cross Roads amended its answer and plea to the jurisdiction.[7] One week before the hearing, Rancho responded to Cross Roads's amended plea to the jurisdiction[8] and filed a second amended petition, now including a

---

[7]The amended answer and plea are contained within a single filing. Cross Roads attached three exhibits to the filing: excerpts of Cross Roads's codified ordinances dated October 2024; the August 17, 2022 enforcement letter without attachments; and the town secretary's affidavit.

[8]Rancho attached two exhibits to its response, both of which were excerpts of Cross Roads's codified ordinances dated June 2024.

sworn verification.[9]  At the hearing, the trial court granted Cross Roads's plea to the jurisdiction and—without specifying its grounds—dismissed Cross Roads, the only defendant, from "all causes of action in the above case with prejudice to the refiling of same."[10]

Rancho timely appealed the dismissal.

### III. DISCUSSION

Rancho's brief lists 12 issues, summarizes 13, and then argues 14.  *See* Tex. R. App. P. 38.1.  Eight of the issues challenge the trial court's order granting the plea to the jurisdiction and dismissing all of Rancho's claims with prejudice.  The remaining issues argue the merits of Rancho's claims in the trial court.  In response, Cross Roads addresses Rancho's argument as a single issue—whether the trial court erred by granting its plea to the jurisdiction.  Although we will address Rancho's issues regarding the trial court's grant of Cross Roads's plea to the jurisdiction, we will treat Rancho's brief as having raised a single, combined issue.

---

[9]Rancho attached two exhibits to its second amended petition: the cover page of the letter from the municipal court and a copy of Cross Roads's bed-and-breakfast facility license application form.

[10]At the hearing, the trial court took judicial notice of all pleadings in the case, including the jurisdictional evidence attached to those pleadings.  The parties presented argument but no additional exhibits or testimony.

6

## A. Governmental Immunity

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State has been sued unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Political subdivisions of the State, including municipalities, are entitled to such immunity—referred to as "governmental immunity"—unless it has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (op. on reh'g); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

Governmental immunity is a matter properly raised in a plea to the jurisdiction. *City of Fort Worth v. Posey*, 593 S.W.3d 924, 927 (Tex. App.—Fort Worth 2020, no pet.). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Such plea may challenge whether a plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case, the existence of jurisdictional facts, or both. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

## B. Our Standard of Review

Whether a trial court has jurisdiction is a question of law that we review de novo. *City of Westworth Vill. v. City of White Settlement*, 558 S.W.3d 232, 239-240 (Tex. App.—Fort Worth 2018, pet. denied) (citing *Miranda*, 133 S.W.3d at 226). When, as here, the trial court's order does not state the basis upon which it granted relief, we may affirm on any basis reflected in the pleadings and the record. *See Miranda,* 133 S.W.3d at 227;

7

*Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)

When a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020) (citing *Miranda*, 133 S.W.3d at 226). In making that determination, we liberally construe the pleadings in the plaintiff's favor, taking all factual assertions as true and looking to the plaintiff's intent. *Id.* (citing *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015)). Even under that liberal construction, the plaintiff bears the burden of demonstrating, through the facts alleged in the live pleading, that immunity from suit has been waived. *Doe v. City of Fort Worth*, 646 S.W.3d 889, 897 (Tex. App.—Fort Worth 2022, no pet.). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27; *City of Westworth Vill.*, 558 S.W.3d at 239. If, however, the pleadings are incurably defective— in other words, the allegations affirmatively negate the trial court's jurisdiction—then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Miranda*, 133 S.W.3d at 227.

8

This is a burden-shifting process. The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 897(Tex. App.—Corpus Christi–Edinburg 2017, pet. denied). It is initially a defendant's burden to produce evidence to negate jurisdictional facts. *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021). Once that occurs, then the plaintiff must present sufficient evidence on the merits of its claims to create a genuine issue of material fact. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019).

To the extent a plea to the jurisdiction challenges the very existence of jurisdictional facts, we look beyond the pleadings and consider evidence submitted by the parties "when necessary to resolve the jurisdictional issues raised," even if the evidence implicates both the court's jurisdiction and the merits of a claim. *Rangel*, 595 S.W.3d at 205 (quoting *Miranda*, 133 S.W.3d at 227). "For a plea that challenges the existence of jurisdictional facts, our standard of review generally mirrors that of a traditional summary judgment: a plaintiff must raise a genuine issue of material fact to overcome the challenge to the trial court's jurisdiction." *Id.*; *see Miranda*, 133 S.W.3d at 221, 228.

Whether the trial court has jurisdiction is addressed on a claim-by-claim basis. *Tex. Woman's Univ. v. Rodriguez*, No. 02-22-00278-CV, 2022 WL 17687433, at *8 (Tex. App.—Fort Worth Dec. 15, 2022, no pet.) (mem. op.). Thus, we must analyze each of

9

the claims in the pleading to determine whether they were properly dismissed for want of jurisdiction. *Id.*

## C. Discussion of Rancho's Claims

In its live pleading—its second amended petition—Rancho sought declaratory relief pursuant to the Uniform Declaratory Judgments Act[11] (UDJA) under five legal theories: (1) that Cross Roads deprived Rancho of property rights without due process guaranteed by Article I, section 19 of the Texas Constitution; (2) that Cross Roads acted ultra vires in passing a zoning ordinance prohibiting STRs in districts zoned for single-family residential uses; (3) that the ordinance was unconstitutionally retroactive under Article 1, Section 16 of the Texas Constitution; (4) that Cross Roads arbitrarily discriminated against Rancho in violation of Article I, Section 3 of the Texas Constitution; (5) and, alternatively, that the zoning ordinance did not prohibit STRs in single-family residential districts. Rancho also requested a temporary restraining order and, subject to a decision on the merits, a permanent injunction against prosecution under and enforcement of the ordinance.

## D. Failure to Exhaust Administrative Remedies

At the outset, Cross Roads argues that the trial court lacked jurisdiction over Rancho's claims because Rancho did not exhaust its administrative remedies. Specifically, Cross Roads points out that Rancho failed to appeal complained-of

---

[11]*See* Tex. Civ. Prac. & Rem. Code Ann. § 37.002(a).

enforcement actions to Cross Roads's board of adjustment before filing suit.  *See* Tex. Loc. Gov't Code Ann. §§ 211.009(a)(1), 211.010; Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.041(e)(2) (2024).  We disagree.

Administrative remedies generally must be exhausted before a party may seek judicial review of an administrative official's municipal zoning determination.  Tex. Loc. Gov't Code Ann. § 211.009; *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *City of Paris v. Abbott*, 360 S.W.3d 567, 572–73 (Tex. App.—Texarkana 2011, pet. denied); *City of San Antonio v. El Dorado Amusement Co., Inc.*, 195 S.W.3d 238, 249–50 (Tex. App.—San Antonio 2006, pet. denied).  The requirement of administrative exhaustion compels a party to "pursue all available remedies within the administrative process before seeking judicial relief."  *Lazarides*, 367 S.W.3d at 798 (quoting *Larry Koch, Inc. v. Tex. Nat. Res. Conservation Comm'n*, 52 S.W.3d 833, 839 (Tex. App.—Austin 2001, pet. denied)).  Unless the party has exhausted all available administrative remedies, the trial court lacks subject matter jurisdiction.  *City of Paris*, 360 S.W.3d at 572; *see* Tex. Gov't Code Ann. § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.").

The Cross Roads ordinance establishing its board of adjustment authorizes the board to hear and decide an appeal from "an order, requirement, decision, or determination made by an administrative official in the enforcement of [Cross Roads's] zoning ordinance."  Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.041(c)(1) (2024).  To file such an appeal, the aggrieved person must file a notice with the board

and "the official from whom the appeal is taken" specifying the grounds for the appeal. *Id.* § 14.03.041(e)(2).

To support its argument, Cross Roads contends that the "Enforcement Letter sent to Ms. Eakin's counsel on August 17, 2022" constituted an appealable decision by an administrative official necessitating appeal to the board as a prerequisite to filing suit. However, the letter neither references an appealable decision nor does it constitute an appealable decision itself. In the letter, Cross Roads states that "the Town fully intends to enforce its Zoning Ordinance consistent with the prior enforcement notices" already delivered. But while the letter refers to enforcement notices, it does not identify or reflect any administrative official's present enforcement decision. And although the letter recites that possible "citation and prosecution" had been threatened but not appealed, the letter itself does not reflect any such action.

The initial burden to demonstrate a failure to exhaust administrative remedies rests with the municipality asserting the defense. *See City of Crowley v. Ray*, 558 S.W.3d 335, 346 (Tex. App.—Fort Worth 2018, pet. denied). Because Cross Roads did not plead or show any municipal official's appealable enforcement action, it did not meet its burden to demonstrate Rancho's failure to exhaust available administrative remedies. *See id.* Because Cross Roads did not meet its burden to show that such failure deprived the trial court of subject matter jurisdiction, the trial court could not have properly granted the plea to the jurisdiction on that basis. *See Rangel*, 595 S.W.3d at 205. We must therefore consider Cross Roads's other jurisdictional arguments.

12

**E. Whether Governmental Immunity is Waived as to Rancho's Causes of Action**

**1. Declaratory Judgment**

In its pleadings, Rancho sought declaratory and injunctive relief under the UDJA. The UDJA provides that "[a] person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance, . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). But this authorization waives governmental immunity only for a limited purpose—to challenge the validity of an ordinance. *Hegar v. CSG Forte Payments*, No. 03-19-00325-CV, 2020 WL 7233605, at *3 (Tex. App.—Austin Dec. 9, 2020, no pet.) (mem. op.) ("[T]he UDJA generally 'does not enlarge the trial court's jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction.'") (citing and quoting *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011)). While the UDJA waives immunity for challenges to an ordinance's validity, it does not waive immunity on questions of statutory construction or a declaration of rights. *Arlington Prof'l Fire Fighters, Int'l Ass'n of Fire Fighters, AFL-CIO, Loc. 1329 v. City of Arlington*, No. 02-19-00156-CV, 2021 WL 4205012, at *25 (Tex. App.—Fort Worth Sept. 16, 2021, no pet.) (mem. op.) (first citing *Hegar*, 2020 WL 7233605, at *3; and then citing *Shady Shores*, 590 S.W.3d at 552–53). In other words, the UDJA provides "only a limited waiver [of immunity] for challenges to the validity of an ordinance," but "claims

13

requesting other types of declaratory relief are barred absent a legislative waiver of immunity with respect to the underlying action." *Shady Shores*, 590 S.W.3d at 552. Here, Cross Roads argued that the court was deprived of jurisdiction because none of Rancho's pleadings showed a waiver of governmental immunity.[12] We now take each requested declaration in turn and consider whether immunity is waived as to that claim. *See City of McKinney v. Hank's Rest. Group*, L.P., 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.).

a. *Due Process*

Rancho seeks a declaration that Cross Roads's potential enforcement will deprive it of property rights without due course of law or due process. *See* Tex. Const. art. I, § 19; *see also Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (holding that no meaningful distinction exists between the terms "due process" and "due course of law"). But to rise to the level of a due process deprivation, Rancho must first possess a vested property right. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 17

---

[12]Cross Roads's amended plea to the jurisdiction was filed in an omnibus document along with a plea in abatement, special exceptions, affirmative defenses, and an amended answer. The plea to the jurisdiction itself was but a single paragraph containing no argument or authority, listing five enumerated items: (1) failure to allege a justiciable controversy; (2) failure to establish jurisdiction by citing a waiver of immunity "and/or the factual applicability of same"; (3) failure to exhaust administrative remedies; (4) governmental immunity; and (5) lack of governmental immunity waiver. At the hearing, Cross Roads argued three bases—mootness due to Rancho's failure to plead a vested property right; failure to exhaust administrative remedies; and failure to plead a cause of action sufficient to establish jurisdiction. On appeal, Cross Roads did not brief a mootness argument.

(Tex. 2015); *City of Grapevine v. Muns*, 651 S.W.3d 317, 345 (Tex. App.—Fort Worth 2021, no pet.).

To show a vested right, Rancho argues that Cross Roads failed to enforce the ordinance for a period of time before 2022. This is not sufficient, however. A vested right must have "some definitive, rather than merely potential existence," *City of LaMarque v. Braskey*, 216 S.W.3d 861, 864 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (quoting *Tex. S. Univ. v. State St. Bank & Tr. Co.*, 212 S.W.3d 893, 903 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (op. on reh'g)), and be "something more than a mere expectancy based upon an anticipated continuance of an existing law," *Klumb*, 458 S.W.3d at 15 (quoting *City of Dallas v. Trammell*, 101 S.W.2d 1009, 1014 (Tex. 1937)). In other words, to show a deprivation without due process, Rancho must show that, when it acquired the property in 2010, it had some vested right to use the property as an STR.[13]

While Rancho argues that it had used the property as an STR for several years before it received the 2022 letter, it does not allege that the ordinance allowed STR use when Rancho acquired the property, that the use was otherwise legal under a statute, or

---

[13]Three of Rancho's causes of action rely on Rancho's pleading a vested property right—deprivation of property without due process; unconstitutional retroactivity; and Rancho's claims for equitable relief. *See* Tex. Const. art. I, §§ 16, 19; *Tex. Propane Gas Ass'n v. City of Houston*, 622 S.W.3d 791, 798–99 (Tex. 2021). Rancho's bare contention that the right to use property as an STR is inherently vested is unsupported in Rancho's brief and in the law. *See Klumb*, 458 S.W.3d at 15; *Braskey*, 216 S.W.3d at 864.

that the passage of a new ordinance subsequently prohibited the use. Rancho alleges only that Cross Roads began sending enforcement notices at that time. Cross Roads, on the other hand, argues that since "at least 2002," the use of property as a hotel or STR in a single-family residential zone has been prohibited under the ordinance unless the owner first applied to operate as a bed and breakfast.

Both parties introduced copies of the codified ordinance at issue into the record, but the record is unclear as to when the operative language was introduced, whether in 2002 or in a subsequent amendment; the copies introduced merely contain parenthetical statements that the ordinance was passed in 2002 and amended in 2003, 2006, 2008, 2009, 2013, 2014, 2021, and 2023.[14] To support its contention that STRs are regulated as nonresidential hotel uses, Cross Roads relies upon a 2015 ordinance requiring STRs to pay Hotel Occupancy Taxes. *See* Cross Roads, Tex., Code of Ordinances ch. 11, § 11.03 (2024).[15] But we cannot say whether the code of ordinances prohibited or regulated STRs on the date Rancho acquired the property because neither side provided the trial court with the version of the ordinance that was purportedly in effect when Rancho acquired the property. *See* Tex. R. Evid. 204(b)(2) ("The court . . . must take

---

[14]The current version of the codified ordinance was adopted on September 16, 2024. *See* Cross Roads, Tex. Ordinance 2024-10 (Sept. 16, 2024).

[15]Notably, in 2015 the Texas legislature also amended the Tax Code to expressly expand the definition of a "hotel" to include a "short-term rental." *See* Act of May 31, 2015, 84th Leg., R.S., Ch. 1255, § 22(a), 2015 Tex. Sess. Law Serv. Ch. 1255 (H.B. 1905) (codified at Tex. Tax Code Ann. § 156.001(b)).

judicial notice [of a municipal ordinance] if a party requests it and the court is supplied with the necessary information."); *Metro Fuels, Inc. v. City of Austin*, 827 S.W.2d 531, 532 (Tex. App.—Austin 1992, no writ).

Because the record is unclear as to the effective date of the language in the copies of the ordinance purported to prohibit or limit STRs, Rancho has not demonstrated that it had a vested property right to use the property as an STR when it acquired the property and has not met its pleading burden for this cause of action. *See Klumb*, 458 S.W.3d at 17. But, for the same reason, Cross Roads has also failed to meet its burden to conclusively demonstrate that the use was prohibited or regulated by ordinance when the property was acquired.

Under these circumstances, Rancho should have been afforded an opportunity to replead that it had a vested property right and put Cross Roads to its burden to show that the ordinance at the time the property was acquired precluded Rancho from having a vested right to use the property as an STR. Because Rancho was not afforded the opportunity to replead, the trial court's dismissal with prejudice was improper. *See Miranda*, 133 S.W.3d at 226–27; *City of Westworth Vill.*, 558 S.W.3d at 239. Thus, we sustain Rancho's complaint regarding its due process cause of action in part and reverse the decision of the trial court in part and remand the case so that Rancho may be afforded the opportunity to replead its declaratory claims for deprivation of a vested property right without due process. *See Klumb*, 458 S.W.3d at 17.

17

*b. Ultra Vires Acts*

Under a different theory, Rancho argues that governmental immunity does not protect Cross Roads because Rancho alleges violations of constitutional rights and that Cross Roads has exceeded its authority under the Zoning Enabling Act,[16] arguing that "the ultra[ ]vires doctrine does not apply."[17] Rancho relies upon the legal precept that governmental immunity does not prohibit suits brought to require governmental officials to comply with statutory or constitutional provisions. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). But to fall within this exception, a suit must allege that an official—not the government entity itself—acted without legal authority or failed to perform a purely ministerial act. *Id.* The governmental entities themselves remain immune from suit because unlawful, ultra vires acts of officials are not acts of the State. *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 76 (Tex. 2015) (citing *Heinrich*, 284 S.W.3d at 372–73).

In *Patel*, the Texas Department of Licensing and Regulation asserted the ultra vires exception and sought dismissal of claims that its regulation scheme was unconstitutional. *Id.* The plaintiffs in that case challenged the validity of the enabling statutes and TDLR's regulations that formed the basis of acts by individual state

---

[16]*See* Tex. Loc. Gov't Code Ann. § 211.003.

[17]In its reply brief, Rancho expressly disavowed any attempt to allege an ultra vires claim. However, we address the claim to the extent that Rancho's second amended petition alleged it.

employees. *Id.* The plaintiffs sought a declaration that the statutes and regulations violated their constitutional right "to earn an honest living in the occupation of one's choice free from unreasonable governmental interference"—not a declaration that TDLR acted ultra vires. *Id.* at 74. There, the supreme court held that because the suit challenged the validity of the statutes and regulations rather than complaining that TDLR or its officials illegally acted or failed to act, the exception did not apply to deprive the trial court of jurisdiction. *Id.* at 77.

We subsequently held in *Muns* that injunctive relief was not barred when the plaintiff's ultra vires claim against the City of Grapevine alleged violations of constitutional rights by officials rather than ultra vires acts by the municipality, so their claims against the entity were not substantively ultra vires claims. *Muns*, 651 S.W.3d at 347–48.

However, unlike the plaintiffs in *Patel* and *Muns*, Rancho's live pleading alleges a substantive ultra vires claim against the municipality itself. Rancho alleged that Cross Roads exceeded its authority under the Zoning Enabling Act when it passed its zoning ordinance and that its "attempt to prohibit [Rancho] from offering short-term rentals of the Property with claims that [Rancho is] operating a hotel[ ] is therefore in excess of its authority and unconstitutional." Because Rancho alleged an improper substantive ultra vires claim against Cross Roads—rather than against any specified official—Rancho has failed to plead a justiciable ultra vires claim. *See Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258–59 (Tex. 2010) (concluding that when a

19

plaintiff's claims are substantively ultra vires claims, they must properly be brought against the appropriate government official in his official capacity rather than the entity). Because Rancho's ultra vires declaratory claim was incurably deficient and deprived the trial court of jurisdiction, the trial court did not err by dismissing that claim against Cross Roads with prejudice. *Id.*

### c. Retroactivity

Rancho also sought a declaration that Cross Roads's enforcement of its ordinance was an unconstitutionally retroactive violation of Rancho's vested and settled rights. *See* Tex. Const. art. I, § 16. A retroactive law is one that effects or impairs rights accrued before the law became effective. *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 707 (Tex. 2014); *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 138–39 (Tex. 2010); *Muns*, 651 S.W.3d at 344. Similar to the due process claim, a pre-existing interest is necessary to an analysis for retroactivity, although not every retroactive law is unconstitutional. *Robinson*, 335 S.W.3d at 139.

No bright-line test exists to determine whether a law is unconstitutionally retroactive. *Muns*, 651 S.W.3d at 344. To resolve the issue, a court considers three factors in light of the prohibition's objective of protecting reasonable, settled expectations and of preventing legislative abuses: (1) "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings;"

20

(2) "the nature of the prior right impaired by the statute;" and (3) "the extent of the impairment." *Id.* (citing *Robinson*, 355 S.W.3d at 145).[18]

For the first factor, the proposition that Cross Roads's regulation of STRs serves no public interest as evidenced by the legislature's factual findings, Rancho alternatively argues that the ordinance is silent as to STRs; that it expressly permits STRs as "bed and breakfast facilities" with proper registration; and that Cross Roads has provided no legislative findings or factual justification to support its "enforcement change." We partially agree.

---

[18]Cross Roads argues that the ordinance is not unconstitutionally retroactive—and so the retroactivity claim is facially invalid—because the challenged provision existed prior to Rancho's acquisition of the property and because Rancho has no vested right to operate as an STR. The Supreme Court has expressly rejected the vested-rights test as "too much in the eye of the beholder to serve as a test for unconstitutional retroactivity," instead favoring of the three-factor *Robinson* test. *See Muns*, 651 S.W.3d at 344 (citing *In re Occidental Chem. Corp.*, 561 S.W.3d 146, 161 (Tex. 2018) (orig. proceeding)).

On the other hand, Rancho argues both deprivation of a vested right and one "settled" by Rancho's "many years of tolerated and tax-reported STR use." But Rancho's argument that its right is "vested" is relegated to a single sentence in the brief—that in *Muns,* this court "previously agreed with a similar argument and agreed that the Homeowners did have a vested right to use lead [sic] their property generally under Texas common law." However, the facts present in *Muns* are distinguishable. In *Muns*, Grapevine had passed a new ordinance that restricted STRs when its ordinances had previously been silent. *Id.,* at 326. Here, we cannot say whether any language in the ordinance regulated or prohibited STRs when Rancho acquired the property, so Rancho has not pleaded a vested property right. *Id.* at 344. We must therefore analyze Rancho's claim to a settled right, using the three-factor *Robinson* framework. *Id.*

To the extent that the current versions of the ordinances allow STRs with a bed-and-breakfast registration, it is not silent. *See id.*; Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.074 (2024). Under the heading of "Uses," the ordinance states that a bed and breakfast must have an annual permit; that no individual property owner shall use a residence as a bed and breakfast without first receiving a permit; that the premises may have only a single sign, which may not use the words "hotel" or "motel," and must follow specified size restrictions; that the facility must include parking on a per-guest-bedroom basis; and that inspectors must be allowed access to the premises. Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.074(b)(11) (2024). Further, the ordinance governing hotel occupancy taxes defines a hotel as a "building in which members of the public obtain accommodations for a consideration," and expressly includes bed-and-breakfast facilities. *Id.*, ch. 11, § 11.03.001 (2024). The ordinance is not silent.

However, there is no indication of when the ordinance or amendment containing such language was passed. But although Rancho has not provided a clear record as to what, if any, enforcement change took place—providing only a cover letter and a letter referring to enforcement but not the enforcement actions to which they refer—Cross Roads has likewise provided no legislative findings or factual justification to support any enforcement change. Rancho has not carried its burden as to this factor, but neither has Cross Roads demonstrated an incurable deficiency.

22

For the second factor, the proposition that the nature of the right is significant, Rancho argues that the use began in 2010 and continued for approximately a decade.[19] Rancho's argument—that it had the legal right to use the property as an STR because of its "continuous [and] open" period of use—is defective because a failure by a municipality to enforce an ordinance does not convey property rights. *See Maguire Oil Co. v. City of Houston*, 69 S.W.3d 350, 370 (Tex. App.—Texarkana 2002, pet. denied); *Westworth Vill. v. Mitchell*, 414 S.W.2d 59, 61 (Tex. App.—Fort Worth 1967, writ ref'd n.r.e.). However, the law does support a contention that the right to lease property may be sufficient to support a viable retroactivity claim. *See Muns*, 651 S.W.3d at 347.

For the third factor, the proposition that the extent of the deprivation is significant, Rancho argues that Cross Roads has "issued citations, threatened penalties, and now seeks to prohibit" the use, and that the ordinance "does not regulate or restrict" STRs, but rather "seeks to eliminate them outright." Neither the record nor the plain language of the ordinance supports this interpretation.

---

[19]Rancho also argues that the right is significant because the Supreme Court has twice recognized that, absent language to the contrary, STRs are considered residential uses when construing restrictive covenants and are presumed to be allowed when covenants are silent. This argument is inapposite because Cross Roads's ordinance is not silent as to STRs, and the argument conflates contractual and statutory construction principles. *See JBrice Holdings, L.L.C. v. Wilcrest Walk Townhomes Ass'n, Inc.*, 644 S.W.3d 179, 183 (Tex. 2022) (holding that restrictive covenants are contractual and subject to contract construction, and STRs are allowed when covenants are silent); *Tarr v. Timberwood Park Owners Ass'n Inc.*, 556 S.W.3d 274, 280 (Tex. 2018) (holding similarly); *cf. City of Houston v. Williams*, 353 S.W.3d 128, 136–37 (Tex. 2011) (holding that contractual construction applies only where an ordinance is contractual in nature).

As to the record, it is silent regarding the details of the enforcement, beyond the two letters that refer to but do not explain or detail the threatened enforcement actions. Nothing in the record supports Rancho's contention regarding the scope of the ordinance's restrictions. While Cross Roads's 2022 enforcement letter did state that STRs were classified as a "hotel" use—a prohibited use in single-family residential districts—it did not address whether STRs were a permitted bed-and-breakfast use with registration and payment of hotel occupancy taxes. *See* Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.074(b)(11) (2024). On this record, we cannot say whether the bed-and-breakfast provisions were operative when Rancho acquired the property in 2010, or whether the ordinance allowed, prohibited, or regulated use as an STR at that time. *See Draper v. City of Arlington*, 629 S.W.3d 777, 787 n.12 (Tex. App.—Fort Worth 2021, pet. denied); *Zaatari v. City of Austin*, 615 S.W.3d 172, 190 (Tex. App.—Austin 2019, pet. denied) (differentiating between extent of deprivation when zoning regulates or prohibits STR uses); *see also City of Houston v. Johnny Frank's Auto Parts Co.*, 480 S.W.2d 774, 780 (Tex. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (differentiating the extent of deprivation when an ordinance prohibits, as opposed to regulates, a given use).

As to the plain language of the ordinances, bed-and-breakfast facilities are listed under "uses" in Cross Roads's ordinance governing single-family residential districts. *See* Cross Roads, Tex., Code of Ordinances ch. 14, § 14.03.074(b)(11) (2024). The current language in Cross Roads's ordinance places requirements upon use of

24

single-family residences as STRs but does not prohibit or eliminate that use. *Id.* Rancho has not carried its burden as to this factor.

Weighing the three *Robinson* factors, we hold that Rancho failed to meet its pleading burden. However, the dismissal with prejudice was also improper, because Cross Roads's pleadings and the record do not demonstrate an incurable defect in Rancho's claims. As we have stated, the right to lease property may support a viable retroactivity claim, but we cannot determine whether the ordinance in question allowed, prohibited, or regulated STRs when Rancho acquired the property. Because the pleading was not incurably deficient, we sustain Rancho's complaint in part and reverse the decision of the trial court in part and remand the case so Rancho may be afforded an opportunity to replead its retroactivity claim. *See Miranda*, 133 S.W.3d at 226–27.

### d. Disparate Treatment

Finally, Rancho sought a declaration that the zoning ordinance constituted disparate treatment between similar property uses—allowing leases longer than 30 days but prohibiting those shorter—without bearing a real and substantial relationship to a legitimate government interest. *See* Tex. Const. art. I, § 3. Rancho's argument section as to this issue comprises a single page, devoid of citation to law or the record. Further, rather than arguing the issue on appeal, Rancho's brief merely reproduced the relevant section of its second amended petition, almost verbatim, without allegation of any error by the trial court.

A brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(i). In the absence of appropriate record citations or substantive analysis, a brief does not present an adequate appellate issue. *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446-447 (Tex. App.—Fort Worth 2023, pet. denied). Because Rancho makes no record references and provides no allegation or analysis of any error allegedly committed by the trial court—in fact reproducing a section of pleadings that predate the judgment rather than any appellate argument at all—Rancho has waived any such error on appeal. *See id.*; *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.").

### e. *STRs as an Allowed Use*

As an alternative to its previously requested declarations, Rancho sought a declaration from the trial court that STRs are an allowed single-family residential use under Cross Roads's zoning ordinance. Similar to the briefing deficiency in Rancho's disparate treatment point, Rancho's appellate brief contains only a single paragraph of argument that use of a residence as a bed and breakfast is allowed under the ordinance. Nevertheless, because Rancho at least nominally argues the trial court erred in dismissing this claim, we will address its merits. *See Eco Planet, LLC v. ANT Trading*, No. 05-19-00239-CV, 2020 WL 6707561, at *5 (Tex. App.—Dallas Nov. 16, 2020, pet. denied) (mem. op.) (Osborne, J., concurring) ("Appellate courts have the discretion to

26

waive issues for inadequate briefing." (first citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); and then citing *Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019))); *cf. Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) ("[A]ppellate courts should reach the merits of an appeal whenever reasonably possible.").

Rancho's claim sought a declaration interpreting, as opposed to invalidating, Cross Roads's ordinance—that the use was allowed. Therefore, the UDJA's waiver does not extend to this cause of action, and the trial court lacked jurisdiction over this claim. *See Austin Parents for Med. Choice v. Austin Indep. Sch. Dist.*, No. 03-21-00681-CV, 2023 WL 5109592, at *3 (Tex. App.—Austin Aug. 10, 2023, no pet.) (mem. op.) (citing *Hatchett v. W. Travis Cnty. Pub. Util. Agency*, 598 S.W.3d 744, 753 (Tex. App.—Austin 2020, pet. denied)); *Scribner v. Treger*, No. 02-21-00277-CV, 2022 WL 714654, at *15 (Tex. App.—Fort Worth Mar. 10, 2022, no pet.) (mem. op.). Thus, dismissal of this facially invalid claim was appropriate, and the deficiency could not have been cured by repleading.

### 2. Rancho's Requested Equitable Relief

Rancho's second amended petition requested that the trial court grant an injunction against Cross Roads to "enjoin the Town from prosecuting the Citation against Ms. Eakin" and from "attempting to enforce the Ordinance."[20]

---

[20]Rancho argues that, although its first amended petition for injunctive relief was unverified, its second amended petition was verified and so could not have been a proper basis for dismissal. To preserve this issue, Rancho would have had to prove that it requested and was denied the opportunity to replead. *See Parker v. Barefield*, 206

A civil court lacks equity jurisdiction to enjoin enforcement of penal ordinances or render a declaratory judgment regarding the constitutionality of a criminal statute or ordinance except when enforcement would threaten irreparable injury to vested property rights. *See Tex. Propane Gas Ass'n*, 622 S.W.3d at 796 (citing and distinguishing the facts in *State v. Morales*, 869 S.W.2d 941, 945 (Tex. 1994)). To the extent that Rancho seeks to prohibit Cross Roads from "prosecuting the Citation," it seeks to enjoin criminal enforcement of a penal ordinance.[21] *See id.* at 797–98; *OHBA Corp. v. City of Carrollton*, 203 S.W.3d 1, 6–7 (Tex. App.—Dallas 2006, pet. denied). But because Rancho argues a settled—not vested—property right to use the property as an STR, and does not allege that the passage of a new ordinance prohibited the use, only that Cross Roads began sending enforcement notices, Rancho has failed to plead irreparable injury to vested property rights sufficient to grant the trial court equity jurisdiction to enjoin enforcement of a penal ordinance. *See Tex. Propane Gas Ass'n*, 622 S.W.3d at 798

Further, even if the record reflected a change in enforcement that effectively prohibited Rancho from using the property as an STR, a general-law municipality has

---

S.W.3d 119, 120 (Tex. 2006). Because Rancho was not denied that opportunity, the issue was not preserved for review. *See id.*

[21]Cross Roads has created a general criminal penalty that applies to violations of its zoning ordinances. *See* Cross Roads, Tex., Code of Ordinances ch. 1, § 1.01.009 (2024); *see also* Tex. Loc. Gov't Code Ann. § 211.012 (b) ("An offense [under a municipal zoning ordinance] is a misdemeanor, punishable by fine, imprisonment, or both, as provided by the governing body. The governing body may also provide civil penalties for a violation.").

authority to regulate land use under its police power. *See Powell v. City of Houston*, 628 S.W.3d 838, 842 (Tex. 2021) (citing *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 793 (Tex. 1982)). A municipality cannot generally be estopped from exercising its governmental functions, including zoning and land use, merely because of failure to enforce, without more. *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 773 (Tex. 2006). Although certain acts by governmental actors can create an exception to the general prohibition, Rancho fails to plead such an exception. *See id.* at 774 (citing *Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex. 1976) (estopping a city from enforcing notice requirement when a city official had misled the plaintiff to believe the claim would be "taken care of" and that notice requirements had been waived)). The mere fact that a city official or employee fails in certain particulars to enforce a zoning regulation for a time, as Rancho argues was the source of the settled right here, cannot render the ordinance invalid or provide the basis for jurisdiction to estop the municipality from subsequently enforcing it against the homeowner. S*ee Maguire Oil Co.*, 69 S.W.3d at 370; *Mitchell*, 414 S.W.2d at 61. Rancho's pleadings as to its claim for equitable relief are incurably defective.

Thus, because Rancho attempts either to enjoin criminal enforcement of a penal ordinance or to estop exercise of a government function and because the harm alleged is incurably deficient, the trial court properly dismissed the request for equitable relief. *See Super Wash*, 198 S.W.3d at 773.

## IV. CONCLUSION

Because the trial court erred by dismissing two of Rancho's claims for declaratory relief with prejudice—deprivation of constitutional property rights without due process and unconstitutional retroactivity—without affording Rancho sufficient opportunity to replead when the pleading defects as to those claims were not incurable, we reverse the trial court's dismissal with prejudice on those two causes of action and remand them to the trial court. We affirm the judgment of the trial court to the extent that it dismisses Rancho's other claims for want of jurisdiction.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: January 30, 2026